IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF | ) | |
| PAINTERS AND ALLIED TRADES, | ) | |
| DISTRICT COUNCIL 91 | ) | Case No. 3:20-mc-00021 |
| | ) | District Judge Campbell |
| v. | ) | Magistrate Judge Holmes |
| | ) | |
| CLEARVIEW GLASS AND GLAZING | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the petition to enforce a subpoena issued by the arbitrator in a pending arbitration between Petitioner International Union of Painters and Allied Trades, District Council 91 (the "Petitioner" or the "Union") and Respondent Clearview Glass and Glazing (the "Respondent" or "Clearview Glass"). (Docket No. 1.) The matter was referred to the undersigned Magistrate Judge for resolution. (Docket No. 4.) For the reasons that follow, the petition is GRANTED.[1] Clearview Glass shall fully comply with the arbitrator's subpoena within fourteen (14) days of the date of entry of this memorandum opinion and order.

---

[1] There is no clear language in 28 U.S.C. § 636(b) that directs whether this miscellaneous proceeding is dispositive or non-dispositive. Some magistrate judges have ruled on petitions or motions to enforce an arbitration subpoena by order under § 636(b)(1)(A), which is then subject to a deferential review by the district judge. *See Next Level Planning & Wealth Mgmt., LLC v. Prudential Ins. Co. of Am.*, 2019 WL 585672, at *2 (E.D. Wis. Feb. 13, 2019). Other magistrate judges have, however, treated actions to enforce an arbitration subpoena as dispositive under subsection 636(b)(1)(B), which requires submission of a report and recommendation and is then subject to de novo review. *See Westlake Vinyls, Inc. v. Resolution Mgmt., Inc.*, 2018 WL 4515997, at *1 (W.D. Ky. Aug. 21, 2018), *report and recommendation adopted*, 2018 WL 5306666 (W.D. Ky. Oct. 16, 2018). To the extent the District Judge determines this is a dispositive matter, this memorandum opinion is respectfully submitted as a report and recommendation.

## I. Background

According to the Petition, the Union is a labor organization as defined in 29 U.S.C. 152(5). (Docket No. 1 at ¶ 1.)[2] There is no dispute that the Union and Clearview Glass are parties to a collective bargaining agreement (the "CBA").[3] On March 30, 2020, a grievance was filed alleging that Clearview Glass violated the CBA. To prepare the grievance for arbitration, the Union sought documents from Clearview Glass, only some of which were provided.

The parties agreed to an arbitrator, Ed Bankston (the "arbitrator"), to hear the grievance. Unable to reach an agreement over production of documents, the Union requested that the arbitrator issue a subpoena *duces tecum* to Clearview Glass. The arbitrator directed that the requested subpoena be issued. (Docket No. 8-6 at 1.) The subpoena was issued on August 12, 2020 to "Clearview Glass and Glazing" and served on Clearview Glass's authorized representative. (Docket No. 8-7.) Clearview Glass failed to comply with the subpoena and requested that the arbitrator reconsider, including on the basis that "Clearview in KY" should not be required to comply. (Docket No. 8-8 at 1.) The arbitrator denied the motion for reconsideration of the subpoena. (Id.) When Clearview Glass continued to disregard the subpoena, the instant action was commenced.

---

[2] The following recited facts are taken from the Petition. (Docket No. 1.) Clearview Glass disputes some of the alleged facts, including the corporate relationship between Clearview Glass, which is a Tennessee company, and its sister company Greenhouse Holdings LLC dba ClearView Glass and Glazing, which is a Kentucky company. Clearview Glass also contends that what it calls the "Kentucky Company" is not subject to the CBA or arbitration. For the reasons discussed below, these disputed facts are outside the scope of this limited proceeding.

[3] See n.2.

## II. Legal Framework and Analysis

The issue before the Court is a narrow and straightforward one of whether to enforce the arbitral subpoena. Clearview Glass has unnecessarily complicated the issue by asserting that the subpoena seeks to compel documents from a non-signatory to the collective bargaining agreement that cannot be compelled to arbitration under various alter-ego principles as applied in disputes over enforcement of arbitration provisions or arbitration awards. The arbitration cases upon which Clearview Glass relies, however, are cases in which the questions raised by Clearview Glass were directly before the court, either by a suit to compel arbitration or in connection with litigation to vacate or affirm an arbitration award.[4] Clearview Glass has presented no controlling authority that permits a district court in a collateral action to enforce an arbitral subpoena to determine the propriety of the underlying arbitration. In the Sixth Circuit, a district court's enforcement of an arbitral subpoena is not predicated on a determination of the propriety of the underlying arbitration. *Am. Fed. of Television and Radio Artists, AFL-CIO v. WJBK-TV et al.*, 164 F.3d 1004, 1008-10 (6th Cir. 1999). While that issue might be raised in some other proceeding, the instant dispute before the Court, which is "strictly collateral to the arbitration," is not the proper framework for consideration of the arguments made by Clearview Glass. *Id.* at 1008 n. 6.[5]

---

[4] One case, *Trustees of Resilient Floor Decorators Insurance Fund v. A&M Installations, Inc.*, was an ERISA action to collect employee fringe-benefit contributions under a collective bargaining agreement. 395 F.3d 244 (6th Cir. 2005). That case is also inapposite to the discrete issue before the Court here.

[5] The Court notes that a subpoena issued to a non-party is also enforceable in the Sixth Circuit for the reasons discussed in the *WJBK-TV* case. *WJBK-TV et al.*, 164 F.3d at 1008-10. Further, in a slightly different context, this Court has held that an arbitration panel may order a non-party's production of documents where the non-parties are "intricately related to the parties involved in the arbitration and are not mere third-parties who have been pulled into [the] matter arbitrarily." *Meadows Indem. Co. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, 45 (M.D. Tenn. 1994).

3

The Court's power (and subject matter jurisdiction) to enforce the arbitrator's subpoena here is found in the general grant of authority in § 301 of the Labor Management Relations Action.[6] *Id*. at 1009 (district court has authority under § 301 of LMRA to enforce arbitrator's subpoena).[7] The authority conferred upon arbitrators by section 7 of the Federal Arbitration Act, 9 U.S.C. § 7, to issue summons also provides guidance for and further bolsters the conclusion that an arbitrator may issue a subpoena that is subject to enforcement by the district court. *Id*. at 1009-10; *see also Meadows Indem. Co. Ltd.*, 157 F.R.D. at 44-45 (authority to compel production of documents for purposes of an arbitration hearing implicitly includes authority to compel the production of documents for inspection by a party).

The narrow issue presented in this proceeding is easily resolved by deference to the arbitrator's decision to issue the subpoena (including to deny reconsideration). The Sixth Circuit has clearly stated that "courts play only a limited role when asked to review the decision of an arbitrator." *Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411 (6th Cir. 2008) (quoting *Tennessee Valley Auth. v. Tennessee Valley Trades & Labor Council,* 184 F.3d 510, 514 (6th Cir.1999) (per curiam)). That limited role extends to review of an arbitrator's decision to issue a subpoena.

---

[6] 29 U.S.C. §185.

[7] Neither party addressed the Court's personal jurisdiction over Clearview Glass. *See Maine Community Health Options v. Walgreen Co.*, 2018 WL 6696042, at *2 (W.D. Wis. Dec. 20, 2018). Although Clearview Glass disputes that the so-called Kentucky Company (*see* Docket No. 3-4) is subject to the collective bargaining agreement or arbitration (*see* Docket No. 4-6), the Court does not construe that as a contest of the Court's personal jurisdiction in this limited proceeding. For the reasons discussed in this memorandum opinion and order, the Court declines to address any more expansive arguments about the scope of and the proper parties to the arbitration. Nevertheless, based on the entire record, the Court finds that it has personal jurisdiction over Clearview Glass, as asserted in the petition. (Docket No. 1 at ¶ 2.) *See also* Docket No. 17-2. In doing so, the Court also notes that, even though Clearview Glass was ordered to file a response to the Petition (*see* Order at Docket No. 9), including the jurisdictional allegations, it filed only a response to the motion to enforce subpoena. (Docket No. 12.)

In a contest over enforceability of an arbitrator's subpoena, "it is not the function of [the] court to determine what an arbitrator would or should find relevant in resolving a dispute." *WJBK-TV*, 164 F.3d at 1010 (internal punctuation and citations omitted). Here, the arbitrator was unpersuaded by Clearview Glass's argument that the subpoena did not apply to "Clearview in KY" (Docket No. 8-8 at 1) and denied reconsideration of the subpoena on that basis. That kind of interpretive decision is beyond the limited scope of this Court's review. *See e.g. In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 871 (8th Cir. 2000) (district court should not make independent assessment of materiality of the information or second-guess arbitration panel's judgment in issuing a subpoena); *Maine Community Health Partners*, 2018 WL 6696042, at #5 (materiality of subpoenaed information was matter for arbitration panel, not reviewing court).[8] Given the strong federal policy favoring resolution of labor-management disputes by arbitration, *see Malone v. U.S. Postal Service*, 526 F.2d 1099, 1104 (6th Cir. 1975), and the substantial deference afforded to the decisions of an arbitrator, enforcement of the subpoena issued to Clearview Glass is warranted.

### III. Conclusion

For all these reasons, and based on the record presented, the petition is GRANTED. Clearview Glass shall fully comply with the arbitrator's subpoena within fourteen (14) days of the date of entry of this memorandum opinion and order.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[8] Although it may arguably be within the Court's purview to address the burden and impact of the subpoena, *see e.g. Neo Ivy Capital Mgt. LLC v Savvysherpa LLC*, 2019 WL 1435058, at *3 (D. Minn. March 8, 2019), Clearview Glass did not raise those issues.